IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MOMENT | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-16-3992 |
| STATE OF MARYLAND and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |
| | *** | |

# MEMORANDUM OPINION

Michael Moment is incarcerated at Western Correctional Institution in Cumberland, Maryland.[1] On December 14, 2016, he filed a Petition for Writ of Habeas Corpus, which he later supplemented, challenging his 2011 judgment of conviction in the Circuit Court for Montgomery County, Maryland for intimidating or corrupting officers of the court and threatening state officials. Pet., ECF No. 1; Supp. Pet., ECF No. 6. Respondents filed a Response arguing that the Petition should be denied because the claims presented are procedurally defaulted and lack merit. Resp't's Resp., ECF No. 5. Moment filed a Reply. ECF No. 12. No evidentiary hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). I find that Petitioner's claims are procedurally

---

[1] Moment has submitted a change of address to the Court, ECF No. 35. This address appears to be residential as he has not named a correctional facility. Regardless of his current location, I will continue to address his habeas petition as whether he has been released would not render his petition moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

defaulted and his arguments lack merit based on the findings of the State Court. Therefore, the Petition IS DENIED and DISMISSED.[2]

## BACKGROUND[3]

On August 8, 2011, a jury in the Circuit Court for Montgomery County convicted Moment of two counts of intimidating or corrupting an officer of the court and ten counts of threatening a state official. State Ct. Docket 117643C, Entry No. 126.[4] Moment represented himself at trial. Post-Conviction Statement of Reasons and Order of Court ("Stat. Reas. & Or.")

---

[2] Moment filed an appeal in this matter, ECF No. 35, articulating that his appeal was concerning the fact this matter was still pending before this Court. Understanding that his appeal may be deemed a petition for a writ of mandamus and I still having authority over this case, I proceed here with my findings.

[3] This is Moment's eighth habeas petition challenging his 2011 convictions. The Court dismissed the earlier filed petitions without prejudice as unexhausted. *See Moment v. The Attorney General of the State of Maryland*, Civil Action No. JFM-16-582; *Moment v. Miller, et al.*, No. JFM-15-1347; *Moment v. Warden Stouffer, et al*, No. WDQ-15-214; *Moment v. Morgan*, No. WDQ-14-3039; *Moment v. Morgan*, No. WDQ-13-3338; *Moment v. State of Maryland*, No. WDQ-12-3665; *Moment v. Webb*, No. WDQ-12-1485. Respondents adopt the statement of the case set forth in the Responses to Moment's previously filed petitions and the Court's opinions which dismissed them. Resp't's Resp.

[4] A Prince George's County Circuit Court judge presided over Moment's criminal trial in Montgomery County. The nature of the criminal charges created an actual conflict of interest and a possible appearance of impropriety that precluded the Montgomery County State's Attorney Office from prosecuting the case. Specifically, Moment was charged with mailing threatening material to several state and local officials, including Montgomery County State's Attorney John McCarthy. Therefore, an Assistant State's Attorney from Montgomery County prosecuting Moment would have been an employee of an alleged victim. To avoid this conflict of interest and appearance of impropriety, Robert M. Bell, former Chief Judge of the Court of Appeals, designated the Honorable Dwight D. Jackson, Associate Judge for the Circuit Court of Prince George's County to preside over the case pursuant to Md. Const. Art. 4 §18(b) and Md. R. 16-101A.1. *See* State Ct. Docket 117643C, Entry No. 10; *see also* Stat. Reas. & Or. 12. On the same day, Renee Joy, Assistant State's Attorney for Prince George's County was sworn in by the Clerk for Montgomery County, Maryland for the purpose of indicting Moment on the counts charged. *See* State Ct. Docket 117643C, Entry No. 3. I take judicial notice of the state court docket on the Maryland Judiciary Case Search website, http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis. *See* Fed. R. Evid. 201(b)(2)

2, 10, ECF No. 1-1.  On November 7, 2011, the Circuit Court sentenced Moment to five years of incarceration followed by five years of probation with the remainder of his time suspended. State Ct. Docket 117643C, Entry No. 145; *see also Moment v. Morgan,* Civil Action No. WDQ-14-3039, ECF No. 5-5 (*Moment v. Maryland*, No. 1445 (Md. Ct. Sp. App. Sept. Term 2011)) ("Md. Ct. Spec. App. Unreported Case").  On December 24, 2015, Moment was released from prison.  Stat. Reas. & Or. 16.  On March 3, 2016, a bench warrant was issued against Moment for a violation of his probation and on August 2, 2016, he was found to have violated his probation. State Ct. Docket 117643C, Entry Nos. 245, 278.  On February 13, 2017, Judge Jackson resentenced Moment to serve three counts concurrently and four counts consecutively for a total of 19 years imprisonment.  *Id.* at 306.

## PROCEDURAL HISTORY

*Direct Appeal*

Moment raised three claims on direct appeal: 1) whether the trial court erred in failing to conduct a competency evaluation; 2) whether the trial court committed plain error by allowing the state to introduce prejudicial and inadmissible evidence at trial; and 3) whether the evidence was legally sufficient to convict him.  Pet. 2.

The Maryland Court of Special Appeals affirmed Moment's conviction in an unreported opinion filed on August 19, 2013.  Md. Ct. Spec. App. Unreported Case; Pet. 2–3.  The Court of Appeals of Maryland vacated the decision, granted Moment's Petition for Writ of Certiorari, and remanded the matter to the Court of Special Appeals for further review in light of that Court's intervening opinions in *Wood v. State,* 81 A.3d 427 (Md. 2013) and *Kennedy v. State*, 85 A.3d 106 (Md. 2014), which addressed competency evaluations.  *Moment v. State*, 86 A.3d 1274 (Md.

March 24, 2014) (table). On May 12, 2014, the Court of Special Appeals found there was sufficient evidence at trial to support the jury's conclusion that Moment committed the offenses for which he was charged and the trial court did not err in not making a competency determination, and issued a second opinion which affirmed Moment's conviction. Md. Ct. Spec. App. Unreported Case 24–27, 40; *see also* Pet. 2–3.

Moment, through his appellate counsel, filed a Petition for a Writ of Certiorari, seeking review of the Court of Special Appeals' resolution of the competency issue. *Moment v. Morgan*, No. WDQ-14-3039, ECF No. 5-6. In a separately filed pro se petition, Moment asked the Court of Appeals to review issues not previously raised on direct appeal. *Id.* On August 28, 2014, the Court of Appeals denied both the counselled and pro se requests for certiorari review. *Id.* Moment did not pursue review before the United States Supreme Court. Consequently, his judgment became final for the purpose of direct appeal on November 26, 2015. 28 U.S.C. § 2254(d)(1) (stating that judgment becomes final upon "conclusion of direct review or the expiration of the time for seeking such review"); Sup. Ct. Rule 13.1 (A Petition for Writ of Certiorari must be filed no later than 90 days after entry of judgment from which review is sought).

*State Post-Conviction Proceedings*

On March 5, 2012, Moment initiated post-conviction proceedings in the Circuit Court for Montgomery County. On August 20, 2012**,** the Circuit Court for Montgomery County transferred the case to the Circuit Court for Prince George's County for the limited purpose of conducting a hearing. State Ct. Docket 117643C, Entry Nos. 173, 183.

In his post-conviction litigation before the Circuit Court for Montgomery County, Moment argued that 1) he "was forced to proceed to trial without counsel" in violation of his rights under the 5th, 6th, 8th, and 14th Amendments; 2) the indictment, trial, conviction, and sentencing were unlawful because a Prince George's County judge presided over the trial while sitting in Montgomery County Circuit Court; 3) the State tampered with evidence presented at trial; and 4) the evidence was insufficient to sustain his convictions. Stat. Reas. & Or. 4; *see also* Pet. 3. During the post-conviction hearing, Moment also argued that Rene Joy, Assistant State's Attorney for Prince George's County, lacked jurisdiction to indict him in Montgomery County and, as a result, his trial, conviction, and sentence were unlawful. Stat. Reas. & Or. 4 n.3.

The Honorable Krystal Q. Alves held a hearing on the Petition for Post-Conviction Relief on December 10, 2015. On October 14, 2016, Judge Alves denied Moment's claims for relief finding that he could not raise an ineffective assistance of counsel claim having waived his right to counsel, that venue in Montgomery County was proper, that he failed to establish that the State tampered with evidence, and that his challenge to the sufficiency of evidence was barred by *res judicata*. Stat. Reas. & Or. 10–15. Moment did not file a timely application for leave to appeal this decision, and the decision became final on November 13, 2016.[5] *See* Md. Rule 8-204 (Applications for Leave to Appeal to the Court of Special Appeals must be filed within 30 days after the entry of judgment or order from which the appeal is sought).

### PETITIONER'S CLAIMS

Now, Moment argues in this habeas petition that 1) he was improperly prosecuted by an Assistant State's Attorney from Prince George's County; 2) the prosecutor conspired with a

---

[5] Moment filed a premature Application for Leave to Appeal which was returned to him on July 27, 2016. Petitioner's Ex. 1-1 at 18.

witness to tamper with evidence; and 3) he was improperly tried by a judge from Prince George's County. Pet. 11–15.

## DISCUSSION

"In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to 'exhaust' all state court remedies before a federal district court can entertain his claims." *See Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997) (citing 28 U.S.C. § 2254(b)). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. *Matthews,* 105 F.3d at 911. Petitioner also must not procedurally default. Procedural default occurs when a habeas petitioner fails to exhaust available State remedies and "'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman v. Thompson,* 501 U.S. 722, 775 n.1 (1991)).

Moment's claims that he was improperly prosecuted by an Assistant State's Attorney from Prince George's County and that he improperly was tried by a judge from the Circuit Court for Prince George's County were considered and rejected by the Circuit Court for Montgomery County in the post-conviction proceedings. Petitioner's Ex. 1, ECF 1-1 at 11-13 (Statement of Reasons). Although Moment raised these claims during his post-conviction proceedings before the Circuit Court, Respondents contend that because Moment did not file an application for leave to appeal the court's decision, the claims were not presented to all appropriate state courts and

therefore, are procedurally defaulted. By not presenting his claims to the State's highest Court, Moment has procedurally defaulted on his claims. *See Matthews,* 105 F.3d at 911.

When a state prisoner's habeas claim has been procedurally defaulted, a federal court may not address the merits of the claim unless the petitioner can show both "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750; *Breard*, 134 F.3d at 620. Here, Moment does not assert cause or actual prejudice to excuse his procedural default, or claim this case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo,* 513 U.S. 298, 314–15 (1995) (quoting *McCleskey v. Zant,* 499 U.S. 467, 494 (1991) (alteration in original)); *Coleman,* 501 U.S. at 750 (holding that procedural default may be excused if the failure to consider the claims will result in a "fundamental miscarriage of justice") (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986))).

Further, even if consideration of these claims were to proceed, they lack merit. The gravamen of Moment's claims is that the trial judge and prosecutor, respectively, lacked authority to preside over and prosecute him at trial. As explained by Judge Alves in the post-conviction proceedings, because the victims of the alleged criminal offenses were Montgomery County public officials, the state court acted to insure the fairness of the proceeding by designating a judgment and a prosecutor from another judicial district to participate in the case. Stat. Reas. & Or. 12. The process was used to insure that his trial was free of any actual conflict of interest and possible appearance of impropriety. *See supra* n.2. Therefore, I find that Moment's petition fails because he has procedurally defaulted and his claims lack merit.

therefore, are procedurally defaulted. By not presenting his claims to the State's highest Court, Moment has procedurally defaulted on his claims. *See Matthews,* 105 F.3d at 911.

When a state prisoner's habeas claim has been procedurally defaulted, a federal court may not address the merits of the claim unless the petitioner can show both "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750; *Breard*, 134 F.3d at 620. Here, Moment does not assert cause or actual prejudice to excuse his procedural default, or claim this case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo,* 513 U.S. 298, 314–15 (1995) (quoting *McCleskey v. Zant,* 499 U.S. 467, 494 (1991) (alteration in original)); *Coleman,* 501 U.S. at 750 (holding that procedural default may be excused if the failure to consider the claims will result in a "fundamental miscarriage of justice") (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986))).

Further, even if consideration of these claims were to proceed, they lack merit. The gravamen of Moment's claims is that the trial judge and prosecutor, respectively, lacked authority to preside over and prosecute him at trial. As explained by Judge Alves in the post-conviction proceedings, because the victims of the alleged criminal offenses were Montgomery County public officials, the state court acted to insure the fairness of the proceeding by designating a judgment and a prosecutor from another judicial district to participate in the case. Stat. Reas. & Or. 12. The process was used to insure that his trial was free of any actual conflict of interest and possible appearance of impropriety. *See supra* n.2. Therefore, I find that Moment's petition fails because he has procedurally defaulted and his claims lack merit.

Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a Certificate of Appealability before an appeal can proceed.

A Certificate of Appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id*. at 478.

Moment's claims are dismissed on both substantive and procedural grounds, and upon review of the record, this Court finds that Moment has not made the requisite showing for the issuance of a Certificate of Appealability under either standard. The Court, therefore, declines to issue a Certificate of Appealability. Moment may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a Certificate of Appealability after the district court declined to issue one).

<u>Conclusion</u>

For these reasons, the Court will deny the Petition with prejudice and decline to issue a Certificate of Appealability. A separate Order follows this Memorandum Opinion.

Dated: <u>January 18, 2018</u>　　　　　　　　　　<u>　　　　/S/　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge